10-1637-ag
Fong v. Holder

BIA
Rohan, IJ
A099 025 378

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of July, two thousand eleven.

PRESENT:
>        ROBERT D. SACK,
>        DEBRA ANN LIVINGSTON,
>        RAYMOND J. LOHIER, JR.,
>              *Circuit Judges.*

_____

XIANG CHUN FONG, ALSO KNOWN AS, XIANG CHUN FANG, ALSO KNOWN AS XIANGCHUN FANG,
>        *Petitioner,*

>        v.                                    10-1637-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:       Dehai Zhang, Flushing, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney
                      General; Michelle Gorden Latour,
                      Assistant Director; Tracie N. Jones,
                      Trial Attorney, Office of
                      Immigration Litigation, Civil
                      Division, United States Department
                      of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xiang Chun Fong, a native and citizen of the People's Republic of China, seeks review of an April 6, 2010, order of the BIA affirming the May 2, 2008, decision of Immigration Judge ("IJ") Patricia Rohan, denying Fong's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiang Chun Fong* No. A099 025 378 (B.I.A. Apr. 6, 2010), *aff'g* No. A099 025 378 (Immig. Ct. N.Y. City May 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, the BIA's application of *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) (en banc), and *Matter of J-S-*, 24 I.&.N. Dec. 520

2

(A.G. 2008), was correct because the BIA was bound to apply the law in effect at the time it entered its decision. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *see also NLRB v. Coca-Cola Bottling Co.*, 55 F.3d 74, 78 (2d Cir. 1995) ("Appellate courts ordinarily apply the law in effect at the time of the appellate decision").

Under *Shi Liang Lin*, Fong was ineligible for relief based on harm suffered by his wife and instead could qualify for asylum only if he established that he was persecuted for his resistance to the coercive family planning policy, or had a well-founded fear that he would be subject to persecution for such resistance. *See Shi Liang Lin*, 494 F.3d at 301, 309-10. Fong's claim that he engaged in "other resistance" to China's family planning policy is unexhausted because he did not raise that argument before the BIA. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (providing that, in addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues he or she later raises in this Court); *see also Steevenez v. Gonzales*, 476 F.3d 114, 117-118 (2d Cir. 2007) (stating that, in determining which arguments constitute "issues," which must be exhausted, and which

3

constitute "subsidiary arguments," and which do not, the Court will examine whether an unexhausted argument "constitutes a ground, in and of itself, on which an IJ's denial of [relief] may be based").

Moreover, even assuming that Fong engaged in other resistance, substantial evidence supports the agency's determination that Fong did not establish that he suffered past persecution based on his emotional suffering stemming from the harm to his wife or the imposition of a 3,000 yuan fine. *See Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002) (finding that the agency reasonably concluded that the petitioner failed to demonstrate economic persecution because he did not produce evidence of his income in China, his net worth at the time of the fines, or any other facts that would make it possible to evaluate his personal financial circumstances in relation to the fines imposed by the government); *see also Shi Liang Lin*, 394 F.3d at 309 ("We do not deny that an individual whose spouse undergoes, or is threatened with, a forced abortion or involuntary sterilization may suffer a profound emotional loss as a partner and a potential parent. But such a loss does not change the requirement that we must follow the 'ordinary meaning' of the language chosen by Congress,

4

according to which an individual does not automatically qualify for 'refugee' status on account of a coercive procedure performed on someone else.").

Because Fong failed to establish past persecution, he was not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). The agency reasonably concluded that Fong failed to separately establish a well-founded fear of future persecution. Fong's only basis for that fear was his desire to have more children. Moreover, he testified that his wife had not suffered any harm since his departure from China. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to persecution, his fear was "speculative at best"); *see also Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished).

Finally, because Fong has not raised before this Court any challenge to the agency's denial of withholding of removal or CAT relief, we decline to address those forms of relief. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n.6 (2d Cir. 2007).

5

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk